UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSELYN PIZARRO, | ) | |
|       PLAINTIFF, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| CASA CENTRAL SOCIAL SERVICES | ) | |
| CORPORATION, | ) | |
|       DEFENDANT. | ) | |

**COMPLAINT**

NOW COMES, the Plaintiff JOSELYN PIZARRO ("Plaintiff"), by and through her attorneys, Kreitman Law, LLC, complaining of the Defendant, CASA CENTRAL SOCIAL SERVICES CORPORATION ("Defendant"), and states as follows:

**PARTIES**

1. At all times relevant to this Complaint, Complaint was a citizen of the State of Illinois.

2. At all times relevant to this Complaint, the Defendant was an Illinois not-for-profit corporation, and rendered social services in the Chicagoland area.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction arising under the Family Medical Leave Act, 29 U.S.C.A. § 2601, *et seq.*, as modified by the Emergency Family and Medical Leave Expansion Act ("EFMLEA"), Division C of the Families First Coronavirus Response Act ("FFCRA") Public Law 116-127 §§ 3101–3106 and as modified by the Emergency Paid Sick Leave Act ("EPSLA"), Division E of the FFCRA §§ 5101–5111.

4. Venue is properly placed in this District because the Defendant is transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District pursuant to 28 U.S.C. §1391(b)(2) and (3).

## GENERAL ALLEGATIONS

5. At all times material to this Complaint prior to July 13, 2020, Plaintiff was employed by Defendant at their office at located at 1343 North California Avenue, Chicago, Illinois 60622.

6. On and before July 9, 2020, Plaintiff had been employed by Defendant substantially more than 30 days.

7. On and before July 9, 2020, Defendant had more than 25 employees but less than 500 employees for each working day during each of 20 or more calendar workweeks in the then current or preceding calendar year.

8. On and before July 9, 2020, Defendant employed 50 or more employees in commerce for 20 or more workweeks in the then current or preceding calendar year, including a joint employer or successor in interest to the Defendant.

9. On and before July 9, 2020, Defendant's compliance with providing leave for school and childcare unavailability due to COVID-19 related issues would not have jeopardized the viability of the Defendant as an on-going concern.

10. On and before July 9, 2020, Defendant did not obtain nor did Defendant apply for an exemption from the requirements of the FFCRA from the United States Department of Labor.

11. On and before July 9, 2020, Plaintiff had a young child who was cared for by an individual receiving compensation for providing child care services on a regular basis and not a facility as the daycare facilities selected by Plaintiff were closed due to COVID-19 precautions.

12. On July 9, 2020, the childcare provider for Plaintiff's young child had called off for July 10, 2020, for reasons related to COVID-19 precautions and Plaintiff was unable to secure alternative childcare at a facility due to COVID-19 precautions having closed alternative facility based daycare facilities.

13. The child care provider for Plaintiff's child agreed that she could care for Plaintiff's child until 4:30 p.m. but then had to go to the hospital for an appointment that could not be rescheduled and had already been dangerously delayed due to the hospital's COVID-19 precautions.

14. On July 9, 2020, Plaintiff requested Defendant via text message to be permitted to leave at 4:30 p.m., an hour early, for July 10, 2020, so that Plaintiff could accommodate her child's care provider calling off for July 10, 2020. This text message identified the Plaintiff, the reason for the requested leave and the date of the leave.

15. Plaintiff's July 9, 2020, request was denied and Defendant threatened Plaintiff with disciplinary action if Plaintiff did not stay until 5:30 p.m. on July 10, 2020.

16. Defendant never requested any documentation related to Plaintiff's child care provider.

17. On July 10, 2020, Plaintiff left work at 4:30 p.m. due to accommodate her child's care provider calling off early to attend a medical appointment that could not be rescheduled due to COVID-19 precautions and because Plaintiff could not find alternative facility based day care due to facilities being closed due to COVID-19 precautions.

18. On July 13, 2020, Defendant claimed Plaintiff lied about the reason for her taking off at 4:30 p.m. and in retaliation for Plaintiff's leaving at 4:30 p.m. on July 10, 2020, to pick up her child, terminated Plaintiff's employment with Defendant.

19. As a direct and proximate cause of the retaliatory termination, Plaintiff has suffered pecuniary damages including lost wages and has incurred attorney's fees and costs in this matter.

## COUNT I
## EPSLA WILLFUL UNLAWFUL DISCHARGE
## 29 U.S.C. 215(a)(3)
## Plaintiff v. Defendant

1-19. Plaintiff incorporates and re-alleges Paragraphs 1-19 of this Complaint herein this Paragraph of Count I of this Complaint.

20. On July 10, 2020, EPLSA, Division E of the FFCRA, Pub. Law 116-127 §§ 5101-5111 was in effect and modified the FMLA.

21. At all times material to this Complaint, EPSLA Section 5102 stated in relevant part as follows:

> (a) IN GENERAL.—An employer shall provide to each employee employed by the employer paid sick time to the extent that the employee is unable to work (or telework) due to a need for leave because: […]
> (5) The employee is caring for a son or daughter of such employee if the school or place of care of the son or daughter has been closed, or the child care provider of such son or daughter is unavailable, due to COVID–19 precautions.
>
> EPSLA Section 5102, *et seq.*

22. At all times material to this Complaint, EPSLA Section 5104 stated in relevant part the following:

> It shall be unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who— (1) takes leave in accordance with this Act; […]

23. At all times material to this Complaint EPSLA Section 5107 stated in relevant part the following:

> (b) UNLAWFUL TERMINATION.—An employer who willfully violates section 5104 shall—(1) be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. 215(a)(3)); and

(2) be subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation.

24. At all times material to this Complaint, 29 U.S.C. 216(b) provided a private cause of action for violations of 29 USC 215(a)(3).

25. At all times material to this Complaint, Plaintiff was a "eligible employee" of the Defendant within the meaning of EPSLA Section 5110(1), *et seq.*, and had been employed with Defendant at least 30 days.

26. At all times material to this Complaint, Defendant was a "covered employer" within the meaning of EPSLA Section 5510(2), *et seq.*

27. On July 10, 2020, Plaintiff took approximately one hour of leave of unforeseeable leave to care for her child because the child care provider of her child was unavailable due to COVID-19 precautions.

28. Plaintiff's approximate one hour of leave was protected leave under EPSLA Section 5102(a)(5).

29. In retaliation for Plaintiff taking approximately one hour of EPSLA Section 5102(a)(5) protected leave on July 10, 2020, Defendant terminated Plaintiff's employment on July 13, 2020.

30. Defendant's termination of Plaintiff on July 13, 2020, was willful and in violation of EPSLA Section 5104(1) and 29 U.S.C. 215(a)(3).

31. As a direct and proximate cause of the July 13, 2020, retaliatory termination, Plaintiff has suffered pecuniary damages including lost wages and has incurred attorney's fees and costs in this matter.

WHEREFORE, Plaintiff JOSLEYN PIZARRO, respectfully requests this Court for judgment, against Defendant CASA CENTRAL SERVICES CORPORATION for all damages

available at equity, an amount of liquidated damages equal to the wages lost, prejudgment interest, plus reasonable attorney's fees, court costs and for whatever other relief this court deems just and appropriate.

**COUNT II**
**EPSLA WILLFUL UNLAWFUL DISCHARGE**
**EPSLA Section 5104(1)**
**Plaintiff v. Defendant**

1-19. Plaintiff incorporates and re-alleges Paragraphs 1-19 of this Complaint herein this Paragraph of Count II of this Complaint.

20. On July 10, 2020, EPLSA, Division E of the FFCRA, Pub. Law 116-127 §§ 5101-5111 was in effect and modified the FMLA.

21. At all times material to this Complaint, EPSLA Section 5102 stated in relevant part as follows:

> (b) IN GENERAL.—An employer shall provide to each employee employed by the employer paid sick time to the extent that the employee is unable to work (or telework) due to a need for leave because: […]
> (5) The employee is caring for a son or daughter of such employee if the school or place of care of the son or daughter has been closed, or the child care provider of such son or daughter is unavailable, due to COVID–19 precautions.
>
> EPSLA Section 5102, *et seq.*

22. At all times material to this Complaint, EPSLA Section 5104 stated in relevant part the following:

> It shall be unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who— (1) takes leave in accordance with this Act; […]

23. At all times material to this Complaint EPSLA Section 5107 stated in relevant part the following:

> (b) UNLAWFUL TERMINATION.—An employer who willfully violates

section 5104 shall—(1) be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. 215(a)(3)); and

(2) be subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation.

24. At all times material to this Complaint, 29 U.S.C. 216(b) provided a private cause of action for violations of 29 USC 215(a)(3).

25. At all times material to this Complaint, Plaintiff was a "eligible employee" of the Defendant within the meaning of EPSLA Section 5110(1), *et seq.*, and had been employed with Defendant at least 30 days.

26. At all times material to this Complaint, Defendant was a "covered employer" within the meaning of EPSLA Section 5510(2), *et seq.*

27. On July 10, 2020, Plaintiff took approximately one hour of leave of unforeseeable leave to care for her child because the child care provider of her child was unavailable due to COVID-19 precautions.

28. Plaintiff's approximate one hour of leave was protected leave under EPSLA Section 5102(a)(5).

29. In retaliation for Plaintiff taking approximately one hour of EPSLA Section 5102(a)(5) protected leave on July 10, 2020, Defendant terminated Plaintiff's employment on July 13, 2020.

30. Defendant's termination of Plaintiff on July 13, 2020, was willful and in violation of EPSLA Section 5104(1) and 29 U.S.C. 215(a)(3).

31. As a direct and proximate cause of the July 13, 2020, retaliatory termination, Plaintiff has suffered pecuniary damages including lost wages and has incurred attorney's fees and costs in this matter.

WHEREFORE, Plaintiff JOSLEYN PIZARRO, respectfully requests this Court for judgment, against Defendant CASA CENTRAL SERVICES CORPORATION for all damages available at equity, an amount of liquidated damages equal to the wages lost, prejudgment interest, plus reasonable attorney's fees, court costs and for whatever other relief this court deems just and appropriate.

### COUNT III
### FMLA RETALIATION
### 29 U.S.C. 2615(a)
### Plaintiff v. Defendant

1-19. Plaintiff incorporates and re-alleges Paragraphs 1-19 of this Complaint herein this Paragraph of Count III of this Complaint.

20. At all times material to this Complaint, Defendant was a covered employer within the meaning of FMLA 29 U.S.C. § 2611(4).

21. At all times material to this Complaint, Defendant was a covered employer within the meaning of the FMLA 29 U.S.C. § 2620(a)(1)(B).

22. At all times material to this Complaint, including but not limited to July 9, 2020, Plaintiff was an eligible employee within the meaning of the FMLA 29 U.S.C. § 2620(a)(1)(A).

23. On July 9, 2020, Plaintiff requested via text message to take approximately one hour of leave of unforeseeable leave to care for her child because the child care provider of her child was unavailable due to COVID-19 precautions.

24. On July 10, 2020, Plaintiff took approximately one hour of leave of unforeseeable leave to care for her child because the child care provider of her child was unavailable due to COVID-19 precautions.

25. On July 10, 2020, Plaintiff was unable to telework during this hour of required leave for her child.

26. Plaintiff's approximate one hour of leave on July 10, 2020, was protected leave within the meaning of the FMLA, 29 USC 2612(a)(1)(F).

27. On July 13, 2020, Defendant willfully terminated Plaintiff in retaliation for taking approximately one hour of leave protected within the meaning of the FMLA within the meaning of the FMLA, 29 USC 2612(a)(1)(F).

28. Defendant's July 13, 2020, termination of Plaintiff constituted a prohibited act within the meaning of the FMLA, 29 U.S.C. 2615(a).

29. As a direct and proximate cause of the July 13, 2020, retaliatory termination, Plaintiff has suffered pecuniary damages including lost wages and has incurred attorney's fees and costs in this matter.

WHEREFORE, Plaintiff JOSLEYN PIZARRO, respectfully requests this Court for judgment, against Defendant CASA CENTRAL SERVICES CORPORATION for all damages available at equity, an amount of liquidated damages equal to the wages lost, prejudgment interest, plus reasonable attorney's fees, court costs and for whatever other relief this court deems just and appropriate.

### COUNT IV
### FMLA INTERFERENCE
### 29 U.S.C. 2615(a)
### Plaintiff v. Defendant

1-19. Plaintiff incorporates and re-alleges Paragraphs 1-19 of this Complaint herein this Paragraph of Count IV of this Complaint.

20. At all times material to this Complaint, Defendant was a covered employer within the meaning of FMLA 29 U.S.C. § 2611(4).

21. At all times material to this Complaint, Defendant was a covered employer within the meaning of the FMLA 29 U.S.C. § 2620(a)(1)(B).

22. At all times material to this Complaint, including but not limited to July 9, 2020, Plaintiff was an eligible employee within the meaning of the FMLA 29 U.S.C. § 2620(a)(1)(A).

23. On July 9, 2020, Plaintiff requested via text message to take approximately one hour of leave of unforeseeable leave to care for her child because the child care provider of her child was unavailable due to COVID-19 precautions.

24. On July 10, 2020, Plaintiff took approximately one hour of leave of unforeseeable leave to care for her child because the child care provider of her child was unavailable due to COVID-19 precautions.

25. On July 10, 2020, Plaintiff was unable to telework during this hour of required leave for her child.

26. Plaintiff's approximate one hour of leave on July 10, 2020, was protected leave within the meaning of the FMLA, 29 USC 2612(a)(1)(F).

27. On July 13, 2020, Defendant willfully terminated Plaintiff interfering with Plaintiff's ability to take leave within the meaning of the FMLA within the meaning of the FMLA, 29 USC 2612(a)(1)(F).

28. Defendant's July 9, 2020, denial of Plaintiff's requested leave and Defendant's July 13, 2020, termination of Plaintiff, interfered with Plaintiff's ability to exercise her FMLA rights and constituted a prohibited act within the meaning of the FMLA, 29 U.S.C. 2615(a).

29. As a direct and proximate cause of the July 13, 2020, wrongful termination, Plaintiff has suffered pecuniary damages including lost wages and has incurred attorney's fees and costs in this matter.

WHEREFORE, Plaintiff JOSLEYN PIZARRO, respectfully requests this Court for judgment, against Defendant CASA CENTRAL SERVICES CORPORATION for all damages

available at equity, an amount of liquidated damages equal to the wages lost, prejudgment interest, plus reasonable attorney's fees, court costs and for whatever other relief this court deems just and appropriate.

**JURY TRIAL DEMANDED.**

                                            Respectfully submitted,

                            By: __/s/ Nicholas Kreitman___
                                 Nicholas Kreitman
                                 Plaintiff's Attorney

Nicholas Kreitman
Kreitman Law, LLC
22 West Washington Street
15th Floor
Chicago, IL 60602
Attorney ID # 6313283
(312) 332-1400
njk@kreitmanlaw.com